UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

YAMEGO SMITH,                        )
                                     )
          Plaintiff                  )
                                     )        No. 3:18-cv-0462
v.                                   )        Judge Trauger/Brown
                                     )        **Jury Demand**
SOUTHERN HEALTH PARTNERS,            )
et al.,                              )
                                     )
          Defendants                 )

**TO:  THE HONORABLE ALETA A. TRAUGER,**
      **UNITED STATES DISTRICT JUDGE**

### REPORT AND RECOMMENDATION

Presently pending in this matter are a motion for summary judgment (Docket Entry 30) of the defendant Dr. Kenneth Mathews (Mathews) and Southern Health Partners, Inc. (SHP), on the grounds that the plaintiff cannot establish that Mathews or SHP were deliberately indifferent to his serious medical needs; and a motion to dismiss of the defendant Officer Ariel Carrillo (Carrillo), on the grounds that the plaintiff's claim of excessive force against Carrillo is barred by Tennessee's one year statute of limitations. The plaintiff failed to file a response to either motion.

The Magistrate Judge **RECOMMENDS** that both motions be **GRANTED** and the plaintiff's claims be **DISMISSED** with prejudice. The Magistrate Judge further **RECOMMENDS** that any appeal from such a dismissal not be certified in good faith pursuant to 28 U.S.C. 1915(a)(3).

### BACKGROUND

The District Court reviewed the plaintiff's complaint (Docket Entry 12). The first part of the complaint alleges that on April 29, 2015, Officer Carrillo of the Lebanon Police Department

tackled the plaintiff and violently twisted his arm behind his back and handcuffed him. As a result, the plaintiff heard a loud snapping sound and the officer stated to the plaintiff, "You can't outrun me, n-----." The plaintiff was transported by ambulance to a hospital where he was diagnosed with cuts, abrasions, and a dislocated shoulder. He was sedated and woke up with his arm and shoulder in a brace. The plaintiff was given pain medication, told to follow up on treatment, and released. He alleges that he was on the street for approximately two months, healing with the brace and taking his medications.

On June 26, 2017, the plaintiff was a passenger in a vehicle that was stopped by the police. The plaintiff was arrested for a violation of probation and for failure to pay child support. He was taken to the Wilson County Jail. The plaintiff alleges that he notified the jail of his dislocated shoulder. When he complained to the female Commissioner at the jail intake, the plaintiff was told to fill out a sick-call request. He alleges that his request not to be placed on a top bunk was ignored. The plaintiff alleges that the Wilson County Jail doctor (Mathews) told him that his injury was costly and that there was nothing he could do besides prescribe pain medications. The plaintiff was given the same response by the nursing staff and Dr. Mathews for the next eleven months. The plaintiff alleges that he filed numerous grievances but was given no relief. He alleges that he continued to experience pain and that his shoulder healed in the wrong location and position, and that he could not raise his arm enough to wash under it or to apply deodorant.

The plaintiff also made complaints against his state court public defenders.

The plaintiff alleges that on January 21, 2018, he was in a fight with another inmate. He alleges that Officer Neely slammed him to the ground and handcuffed him, and that an unknown officer grabbed his leg and slammed his foot into the ground, causing a toe to break. The plaintiff also alleges that when he was placed in segregation following the fight, some of his documents, including legal material, were improperly held.

On review, the District Judge dismissed the claims against the jail and the court appointed attorneys (Docket Entry 12). The District Judge did find that the plaintiff had stated a potential 1983 claim against Officer Carrillo under both the Fourth and Fourteenth Amendments. The District Judge also found that the plaintiff had sufficiently alleged a complaint against Dr. Mathews, and because he alleged that Dr. Mathews' action was a result of a policy or custom of Southern Health Partners (SHP), he also stated a claim for deliberate indifference against SHP. The District Judge dismissed all other claims, leaving for further proceedings the plaintiff's excessive force claims against Officer Corrillo and his Eighth Amendment claims against Dr. Mathews and SHP for deliberate indifference to his serious medical needs.

After some delay in securing service of process on the three remaining defendants, a scheduling order was entered in this matter on September 17, 2018 (Docket Entry 28). The plaintiff was advised that he could take discovery and how to do it. The plaintiff was specifically advised of the time frame for responding to dispositive

motions and advised in bold print that if dispositive motions were filed before the deadline, the deadlines for filing responses and replies would be advanced accordingly.

On September 21, 2018, Dr. Mathews and SHP filed their motion for summary judgment, supported by a memorandum of law, a declaration by Dr. Mathews, and a statement of uncontested facts (Docket Entry 30). On October 1, 2018, the plaintiff filed a letter advising the court that he had been released from custody and requested some additional time to respond to the motion for summary judgment and to secure the services of an attorney (Docket Entry 31). Based on his letter, which the Court treated as a motion for additional time, the plaintiff was given until December 17, 2018, to respond to the pending motion for summary judgment, and was cautioned that failure to respond to the motion before the deadline could result in the dismissal of his case (Docket Entry 34). The plaintiff was further advised that if he secured the services of an attorney, the attorney could request additional time. He was also advised that discovery had not closed and he could continue to seek discovery.

Service was finally obtained on Officer Carrillo on October 26, 2018 (Docket Entry 38), and he promptly filed a motion to dismiss (Docket Entry 42), supported by a memorandum of law. Subsequently, the plaintiff filed a copy of an indictment returned against him for resisting arrest and obstructing Officer Carrillo from affecting his arrest by use of force against the officer (Docket Entry 44, Page ID 200). Contained with this filing by the plaintiff is an incident report concerning the matter (Docket Entry 44, Page ID 205-208). It appears from this pleading that the criminal case was subsequently

4

dismissed as part of a plea of guilty to an unrelated charge (Docket Entry 44, Page ID 209).

In a statement accompanying this indictment and incident report (Docket Entry 45), the plaintiff questions the factual basis of the indictment and incident report. He contends that he has four or five witnesses that would testify that Officer Carrillo detained him in with excessive force and that the officer used a racial slur toward him. The plaintiff's statement was not made under oath.

Because the motion to dismiss by Officer Carrillo raises a statute of limitations problem, the Court requested further briefing to see if the plaintiff could benefit from the "mailbox rule" (Docket Entry 47). Officer Carrillo filed a supplemental brief containing evidence that the plaintiff had not filed his complaint within the one year statute of limitations (Docket Entry 49). The plaintiff, as of the date of this Report and Recommendation, has not filed any response.

In order to give the plaintiff the benefit of the doubt, a telephone conference was held in this matter on February 11, 2019, to discuss the two pending dispositive motions, both of which the plaintiff had failed to respond. Neither party had anything further to add to the pleadings at that point.

### STANDARD OF REVIEW

**I. MOTION FOR SUMMARY JUDGMENT.** To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the outcome of the suit."

5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party cannot simply "rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). To defeat a motion for summary judgment, "the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (citing *Anderson*, 477 U.S. at 251). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient." *Tingle*, 692 F.3d at 529 (citing *Anderson*, 477 U.S. at 251). Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts...must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

**II. MOTION TO DISMISS.** The motion to dismiss raises a pure legal question as to whether the complaint was filed within the Tennessee one year statute of limitations, which is applied to the 1983 claim by the plaintiff against Officer Carrillo.

**LEGAL DISCUSSION**

**I.** Turning first to the motion for summary judgment filed by Dr. Mathews and Southern Health Partners (Docket Entry 30), the Magistrate Judge will adopt the Statement of Material Facts filed in support of the motion (Docket Entry 30-2) insomuch as the plaintiff has not filed a response to those statements. The Court has also

6

considered the declaration of Dr. Mathews (Docket Entry 30-1), which contains a detailed review of his treatment of the plaintiff.

In order to prevail, the plaintiff must show that Dr. Mathews and his employer were deliberately indifferent to his right shoulder dislocation at the time he arrived at the jail on June 26, 2017. The defendants' memorandum of law (Docket Entry 30-3) sets out a factual basis for their motion. After review, the Magistrate Judge finds it is supported by the record and the statement of facts, and has not been opposed by the plaintiff. It was Dr. Mathews' opinion that the plaintiff's shoulder was medically stable and did not require surgery or additional medical treatment at the time he arrived at the jail. He provided the plaintiff medication. However, Dr. Mathews noted that the medical record shows that the plaintiff periodically refused medication and requested medical clearance so he could obtain a work detail.

While at the jail, it appears that the plaintiff was seen by medical staff as a result of fights with other inmates on December 2, 2017, and January 21, 2018. The plaintiff did not complain of any additional shoulder problems as a result of the January 21, 2018 fight, but did complain of pain in his right foot. Dr. Mathews ordered an x-ray of the right foot which showed a fracture of the big toe (Docket Entry 30-3, Paragraph 25). The doctor next evaluated the plaintiff on January 23, 2018. He noted that the plaintiff's range of motion was slightly improved from his prior examinations. The toe did not require additional treatment, and the plaintiff was continued on his pain medication. It should be noted that during the telephone conference on February 11, 2019 (Docket Entry 51), the plaintiff

advised that his toe was healed up OK and was not an issue. Dr. Mathews concluded that the delay experienced by the plaintiff in seeking surgical evaluation or surgery for his shoulder had not caused any additional injury or deterioration to the shoulder (Docket Entry 30-3, Paragraph 34). Dr. Mathews stated that SHP does not have any policy to refuse necessary medical treatment based on the cost of the treatment. Dr. Mathews said he is authorized to order any medical treatment deemed necessary to treat a serious medical condition.

The Sixth Circuit has discussed the law on deliberate indifference to a serious medical need in the case of *Rhinehart v. Scutt*, 894 F.3d 721 (6th Cir. 2018) in considerable detail. The pertinent part of that opinion is quoted in the defendants' brief (Docket Entry 30-3, Page ID 162). A mere failure to provide adequate medical care to a prisoner does not violate the Eighth Amendment unless the physician demonstrates deliberate indifference to a prisoner's serious illness or injury. Mere inadvertence or error in good faith does not constitute such a violation. In accordance with *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence. In this case, the record shows that the plaintiff suffered an injury to his shoulder on April 29, 2017, and had received treatment for the shoulder, including x-rays, at that time. The plaintiff did not come under Dr. Mathews' care until he was booked into jail on June 26, 2017, some three months later. The plaintiff was initially seen and evaluated by a jail nurse, on June 29, 2017, regarding complaints

8

about his shoulder and feet. An x-ray was taken of the plaintiff's shoulder on July 5, 2017, which was interpreted by the radiologist as a normal x-ray of the shoulder, showing no dislocation or fracture, and Dr. Mathews reviewed the x-ray report the same day. The plaintiff continued to complain and on July 26, 2017, Dr. Mathews evaluated the plaintiff again. By this time, he had received and reviewed the plaintiff's prior medical records from Tennova Healthcare-Lebanon. Dr. Mathews believed that the dislocation, which was treated on April 30, 2017, had been properly reduced and was healing appropriately. It was Dr. Mathews' opinion that the plaintiff's shoulder was medically stable and did not require surgery or additional medical treatment at that time. It was Dr. Mathews' opinion that the plaintiff did not require an MRI or surgery for his shoulder but could be a candidate for such treatment on an elected basis. He further was of the opinion that any delay in seeking surgical evaluation and intervention had not caused any additional injury or deterioration to the plaintiff's shoulder.

After a review of the medial records, Dr. Mathews' sworn statement, and the file, the undersigned Magistrate Judge must conclude that the plaintiff's treatment was not so grossly incompetent or inadequate  to shock the conscience or to be intolerable to fundamental fairness. While the plaintiff undoubtedly would have preferred to have surgery while at the jail, he has simply not come forward with any medical evidence of the necessity, nor has he shown that Dr. Mathews' treatment was so grossly inadequate as to shock the conscience, *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 551 (6th Cir. 2009).

9

The defendants' brief on this matter (Docket Entry 30-3) is well written and exhaustive. The plaintiff has simply failed to come forward with any medical evidence to contradict Dr. Mathews' statements or to provide any proof other than his subjective opinion that the failure to further treat his shoulder while in custody was improper. The record, in fact, shows that the plaintiff sought medical clearance to allow him to work and earn good-time, and that he engaged in at least two fights while in the jail. No reasonable jury to find in his favor on the issue of his medical treatment.

**II.** Turning next to the motion to dismiss filed by Officer Carrillo (Docket Entry 42), the Magistrate Judge finds this motion fairly straight-forward. For the purpose of this Rule 12(b)(6) motion, the plaintiff's allegations are taken as true, and to survive the motion the plaintiff is required to show he filed his complaint within the statute of limitations or that he is entitled to a tolling of the statute. The plaintiff contends that the officer used excessive force against him on April 29, 2017 (Docket Entry 1, Paragraph 10). Since the injury occurred on April 29, 2017, the plaintiff was required to file his action under 42 U.S.C. 1983 within the Tennessee one year time limit, which would have expired on April 30, 2018, since April 29, 2018, was a Sunday. (See *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005)). The plaintiff's complaint was actually filed with the Court on May 16, 2018. However, in an initial review of the motion, the undersigned Magistrate Judge noted that the plaintiff was entitled to the benefit of the "mailbox rule" under *Brand v. Motley*, 526 F.3d 921 (6th Cir. 2008), which deemed the complaint filed on the date a prisoner delivered it to the prison authorities for mailing.

Supplemental briefing was allowed on the matter. The defendant filed a supplemental brief (Docket Entry 49). The plaintiff did not file any additional pleadings to show that he could meet the statute of limitations.

In the supplemental brief (Docket Entry 49), the defendant noted that under Local Rule 7.01, the plaintiff had failed to respond to the motion and it should be assumed that he had no opposition. In support of the motion to dismiss, Officer Carrillo provided the declaration of Captain Doug Whitefield of the Wilson County Jail and is familiar with its practices and procedures, including those regarding inmates filing complaints and/or other papers with the federal and state courts. He stated in his declaration that the Wilson County Jail has a system where inmates can file matters with federal and state courts and when they do, the matter is logged into a jail computer which shows when the document was placed in their mailing system, thus providing the jail with an accurate record of the date when an  inmate gave a mailing to the jail. Captain Whitefield stated that he had reviewed the system to determine the dates that the plaintiff had placed any papers or filings in the mailbox. Based on his review, Captain Whitefield stated that the earliest the plaintiff could have placed his complaint in the mailbox was May 1, 2018. He provided a printout of these records (Docket Entry 49-1, Page ID 235-238) showing that the plaintiff made extensive use of the jail's mailing system and that the plaintiff placed mailing to the United States District Court on May 1, 2018. There is no record of any mailing addressed to the federal court delivered to the jail's mail system prior to that date.

11

A review of the complaint itself (Docket Entry 1) shows that the plaintiff placed a date of April 25, 2018, on the top of several of the pages of his complaint (see Page ID 2, 7, 10-14). The complaint was accompanied by a cover letter (Docket Entry 1-1, Page ID 17) which is dated May 13, 2018. The envelope containing his cover letter (Docket Entry 1-1, Page ID 18) bears a postmark that, while not completely legible, is clearly a May 2018 postmark date. The most likely reading of the post mark that is consistent with the May 13 date and the receipt in the clerks office of May 16 is that of May 14. The cover letter itself states under a date of May 13, 2019 that "I Yamego Smith have finished these forms."

Given an examination of the pleadings themselves, along with the mail room record, and the plaintiff's own cover letter, dated May 13, 2018, the Magistrate Judge is satisfied while the plaintiff likely completed the complaint form itself on or about April 25 he did not actually submit it for mailing before May 13, 2018. He has not shown any grounds to apply  tolling. The plaintiff did not meet the one year statute of limitations for filing his lawsuit against Officer Carrillo.

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that both the Motion for Summary Judgment filed by Officer Mathews and Southern Health Partners (Docket Entry 30), and the Motion to Dismiss filed by Officer Carrillo (Docket Entry 42) be **GRANTED**, and that the Plaintiff's case be **DISMISSED** with prejudice. The Magistrate

12

Judge further **RECOMMENDS** that any appeal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 6th day of May, 2019.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge